on behalf of How much time would you like to reserve? I'll reserve a minute for rebuttal if I may. One minute? Okay. Yes, Your Honor. For more than the last two decades, Marco Rose has dedicated himself to redeeming himself from his single act of criminal violence. Indeed, his single act of criminality in his entire life. Mr. Cetras, you did a nice brief in arguing your point, but aren't you really hung on the horns of Irons v. Kerry and the issue of any evidence? Isn't that really the question that we're confronting here, whether there was some evidence that could permit the parole board to continue his incarceration? Yes, Your Honor. The question before the court is whether there is some evidence that supports the parole board's determination that Mr. Rose would pose an unreasonable risk to the public if he were released. And what is the burden of proof here? Obviously, under the California Administrative Code, there are certain things that are set out there as bases for some evidence. What is your burden? What is the government's burden in determining whether there was, in fact, some evidence? Well, I'm not sure, Your Honor, when you say there's – it's set out in the regulations as a basis for some evidence. Some evidence is a standard of review that the court – Right. No, I understand that. But I'm just saying that they – the – Guidelines to guide the board in determining whether a prisoner presents an unreasonable risk – What I'm talking about specifically is California Administrative Code 15 – Title 15, Section 2402D. For example, if the commitment offense was, in quotes, especially heinous, atrocious, or cruel manner – done in a cruel manner – and then D-1B says the offense was carried out in a dispassionate and calculated manner, such as an execution-style murder, D-1E, the motive for the crime is inexplicable or very trivial in relation to the offense. In this case, you've got a drive-by shooting. It was done as part of gang rivalry, according to the evidence in the original trial. And I'm just asking you whether, under irons, if the parole board concluded that the nature of the original crime was such that it fit within these administrative code sections, doesn't that constitute some evidence? No, it doesn't, Your Honor, because it has to be some evidence that the prisoner continues – presently poses an unreasonable risk. Oh, I see. So you're saying that it's – if he's not continuing to shoot people on a drive-by basis in prison, then there's no evidence. No, I'm not saying that, Your Honor. I'm saying if all the evidence shows that that crime is so remote at this point – and irons does talk about that – Mr. Rose has – is serving 23rd, 24th year of a sentence that was a minimum of 15 years. Irons had not reached that minimum standard. That's an important consideration for the court to consider, because at some point, what happens becomes an historical relic. Under the case law, when does that occur? When can the parole board no longer consider how long ago the original crime was committed? Well, the board always takes into consideration how long ago the crime was committed. Okay. So basically, it isn't how long ago. Isn't it how the board views the nature of the offense? If the person is, for example – and I'm not saying that your gentleman is that way – but if the board believes there's been absolutely no change of heart, just hardened, if they let him out right now, he'd go by and get in the car and go by and shoot somebody just because he was angry at society. That is a reasonable basis upon which to deny parole. Here, there is no evidence that that threat continues, that Mr. Rose is the same individual. There's been a tremendous showing of change over the course of more than 20 years that makes it unreasonable for the board to conclude that what Mr. Rose did at that time, 22, 23 years ago, still obtains at this present moment. So when Your Honor asks at what point does it become unreasonable or what point can the board no longer rely on the offense as evidence of current risk to public safety, it's at that point where it becomes objectively unreasonable for the board. And in this case, as I understand it, the record shows that there were two psychiatric reports that your client had an inadequate insight into why he committed the crime. That's at ER 74 through 76. Is that some evidence? Is it your argument that the lack of insight, which is what the parole board in part relied upon with respect to, in this case, is that fair to say that it did rely on lack of insight? It did. In fact, the state court said that was its principal basis for denying Mr. Rose parole. And is it your view that that is a concern that the parole board simply cannot rely on it, they cannot rely on lack of insight, or is your argument that there was no evidence of lack of insight in this case? Well, I would say both. Number one, my first argument is they cannot rely on lack of insight as a basis to show unsuitability. The regulations provide, the closest they provide is if you have signs of remorse and understanding of the magnitude of the offense. That's something that favors you, that helps show suitability for parole. But the absence of that doesn't equate to an unsuitability factor. And so is it your view that lack of insight just can never be considered by the parole board in making a decision as to whether someone should be released? It can be considered, but it cannot form the basis of a finding of unsuitability. Insight would show suitability. So, for example ---- But if it's being considered, isn't that evidence that's being considered? It's not lack of insight is not evidence under the board's regulations that you just referred to, Your Honor, on which the board, that's a circumstance of unsuitability. That does not favor a finding of unsuitability under the board's own regulations. But I would take issue as well. I mean, we talk about these psych reports. One reason that makes sense is look at the psych reports. They find, as much as they find that there's only fair, you know, there could be improvement in insight, to the ultimate question of whether Mr. Rose presents an unreasonable risk of security, the assessment of risk, they say no. That he presents no greater risk than if he were released, the prognosis for success is excellent. He provides he presents no greater risk than the man on the street. Each of them say the only risk factor he's shown in the past is his gang affiliation. And he's shown not only that he has not been gravitating towards gangs within the prison system for the last 20 years. But aren't you arguing that you want us to parse the same evidence and come to a different conclusion than the parole board did? No. I want you to say that the parole board had no reasonable basis to conclude that the insight. But that's not the standard. Is it under iron? Isn't it whether the parole board had some evidence upon which it could make its determination? Some evidence means some evidence by which a rational decision maker could reach the decision it did, could deprive this prisoner of parole on the basis of the finding that the board made that Mr. Rose would present an unreasonable risk. Will you hold that good thought? We appreciate the passion of your argument. We are good counsel. Why don't you hold that and we'll have you come back in a minute to rebut. Let's hear from the government. Thank you. Good morning, Your Honors. And may it please the Court. Amber Whetfler representing the Respondent, Warden A.P. Cain. Petitioner is essentially asking this Court to make an independent determination of whether he would pose an unreasonable risk of danger to society. But that's not the job of the reviewing court. That discretion lies solely with the State executive. Under AEDPA, the only question properly before the Court is whether the State court decisions upholding the parole denial are contrary to or an unreasonable application of clearly established Federal law or based on an unreasonable determination of the facts. And the answer to that question is no. Now, as an initial matter, the Supreme Court has never held that a parole consideration hearing is entitled to any process greater than that provided in Greenholtz. And there's no question, Petitioner does not argue, that he did not receive those protections. However, even if the sum evidence standard was clearly established Federal law, Mr. Rose's claim would still fail because sum evidence supports the Board's decision to deny parole. Now, it's important to note that the sum evidence standard, as described in Hill, is a very, very minimal standard. It requires only a modicum of evidence to support the Board's decision. But, excuse me, counsel, what evidence supported the lack of insight conclusion? What evidence in the record supported the lack of insight conclusion? Not only did the evaluating psychologists find that Mr. Rose demonstrated inadequate insight and only, I believe, it was characterized as fair in one and inadequate in another, but his presentation before the Board, when the Board actually had the positive factors for his crime, when they asked him, how do we know that you'll never commit this again, he couldn't give them a reason. Why did you commit it in the first place? Why would someone who was a member of the military, a 20-year-old military man, would go back and engage in gang warfare? He could give no explanation for that at all or provide any evidence that he wouldn't go out and do it again. And for that reason, the Board found, along with the egregious nature of the commitment offense, the Board determined that he would continue to pose an unreasonable risk of danger to society and denied parole accordingly. Is Whipler – is that right, Whipler? Yes, sir. How do decisions of the parole board normally get reviewed or do they? Is there any appellate process? The – as in this case, this – the Board's decision has already been reviewed by three levels of the State court. He's – the superior court to the – There is review in the State court. Yes. The State courts have already – have already reached a decision on this and unanimously supporting the Board's decision. And then they come over to Federal court. Correct. And they say our Federal rights, I guess applying AEDPA standards, have been violated by the State court. Correct. We're entitled to what, a writ of habeas corpus? Is that it? That's correct. And I think you said at the very beginning of your argument that there is no Federal supreme court case that has decided this question. None whatsoever. The only – well, the only – the only supreme court case that deals with the exact context of parole consideration is Greenholtz. And in Greenholtz, the supreme court held that in the context of parole consideration, the Constitution requires nothing more than a statement of the reasons – excuse me – the Constitution requires only a hearing, a chance for the inmate to present his argument to the Board, and if parole is denied, a reason for the explanation. But the Greenholtz – A reason, and I think in your brief you suggested we should not look into that reason or something like that? No, because they – because the Greenholtz court – No, we should not look – Oh, excuse me. The – the some evidence standard was – the United States supreme court has never held that the some evidence standard is applicable in the context of parole consideration. That is only Ninth Circuit dicta, and as such, cannot be used to overturn a State court decision under AEDPA. So is it your case – your analysis that the parole board, all they have to do is have a hearing and give a reason, but the reason doesn't have to be supported by any evidence or any analysis? According to the supreme court, yes. And so – And that can – Excuse me. They could have a hearing, and then they could go through, present all the factors, and then at the end the parole board could say the answer's no, and no reason needs to be given? Oh, a reason must be given. That's the second protection in Greenholtz. An opportunity to present, and then a reasoned decision. Perhaps a reason – what if the reason is given, but there's absolutely not a scintilla of evidence in the record to support it? Well, and another reason – that's why we have three levels of State court review. The State court offers the protections that Petitioner is seeking again in this court. And AEDPA – the purpose of AEDPA was to – was to further Federalism and comity between the State and the Federal courts. Now, if this court – if this court evaluates this case under the sum evidence standard, essentially we're going through this entire process again, and Petitioner is getting two bites at the same apple. The case has already been determined by three California courts that sum evidence supports the board's decision. And now he can come up again to Federal court and make an identical argument, you know, before – before a different panel. And – That seems to be the case. I mean, that seems to be what's happening here. Right. And AEDPA – AEDPA simply didn't provide for that. That is why AEDPA is clear in – in saying that only decisions of the United States Supreme Court in the specific context may be used to overturn a valid State court decision. In fact, in Greenholz, the Supreme Court noted that in saying that parole decisions are by their very nature subjective, the Greenholz court specifically rejected that the parole board needed to consider evidence, that the – that the reviewing court needed to review the evidence, because to do so would be to turn the parole decision – the – excuse me, the review of the parole would be to – excuse me – to – if the – if the board was required to – to give even a statement of evidence, then that would – it would essentially, and I quote, convert the process to an adversary proceeding and equate the parole release determination with a guilt determination. And that's why the board is given such broad discretion and why at the Federal level it's not necessary for the Federal courts to decide again, after the State courts have already determined that some evidence supports the parole denial, to make another independent determination of Mr. Rose's suitability for parole. Now – You make that argument very well. I don't know if it's right or not, but you make a good argument. Okay. Counsel, what – what about the Hayward case that was recently decided? Hayward has no bearing on this case for a number of reasons. First, it's not a final decision. It's pending rehearing en banc. Second, as circuit court dicta, again, under AEDPA, it's nondispositive. The Supreme Court has made that clear and the circuit has made it clear that when it comes to AEDPA, the only decisions that matter are those of the United States Supreme Court. And finally, the – the court in Hayward – You realize that will hurt the feelings of some of our colleagues. I realize that. And perhaps most importantly, the Hayward court narrowly tailored its decision to the particular facts of the case. The Hayward court was very clear that in this situation only, we have found a violation of due process, but we're not going to consider other situations where the commitment offense alone may be sufficient for a parole denial. And of course, in this case, the Board didn't rely solely on the commitment offense. The Board relied also on Mr. Rose's complete lack of insight into any of the causative factors of his crime. The Board believed that based on his presentation, he couldn't offer them a guarantee that he wouldn't go back – that once released into society, he wouldn't return to criminal activity. So unless there are any other questions, I would urge the court to affirm the district court's decision. Thank you for your presentation. Okay, we'll have the rebuttal argument here, counsel. And let me address the court's inquiry that was made just now, and that was made to me, too, that I actually didn't get a chance to respond to, which is the question, is there really any evidence in this case that there is a lack of insight that shows that Mr. Rose is going to go back to gang criminality if he were released? And if you look at ER 5758, the hearing transcript, Mr. Rose says, my problem was the gangs, so I tried to avoid it in here as much as possible, you know. And he goes on and talks about how he is able to do that, even with the people that were the rival gang members at the time of the crime that, you know, he's reached accommodation with, realizes that they're just people like he is, and he says, it's time to grow up. That's what I've done. And then earlier, when he's explaining about how he's managed to keep such a conforming pro-social behavior pattern in the prison, what's your secret? It ain't no secret. You just got to learn how to dodge different people, that's all. You got to choose your friends more. We appreciate your fine argument. We thank you both. You've done an excellent job. And the case of Rose v. Cain is submitted.
judges: Thompson, Smith, Hayes